### BERRY-TIDWELL, Inc., v. TANNER.

No. 20638. Opinion Filed Nov. 10, 1931.

Rehearing Denied Jan. 12, 1932.

McKeever, Elam & Stewart, for plaintiff in error.

Earl M. Knight and Earl N. Wright, for defendant in error.

KORNEGAY, J. This case was tried in the district court of Kay county. The facts were somewhat disputed in the pleadings, but in the evidence there was very little essential difference between the parties. It was tried by the district judge, a jury being waived. No findings of fact were re-

quested and none made, except a general finding for the plaintiff below, the present defendant in error, and fixing his recovery at $275.

The trial started on the 18th of February, 1929, and the journal entry of that date shows a finding in favor of the plaintiff, and shows the objection to the introduction of any evidence upon the ground that the petition was not sufficient, and the motion being overruled, and the offering of evidence on both sides, and the demurrer to the evidence of the plaintiff, both at the time the plaintiff rested and the final submission, and that both were overruled. It further shows that the court "finds the issues in favor of the plaintiff and against the defendant for the recovery of the sum of $275, the value of the Essex automobile in question in this case." It is followed then by a judgment for the recovery of that amount, with a statement that to the findings and judgment of the court the defendant excepted.

On the same day the motion for new trial was filed. The grounds are that the decision is not sustained by sufficient evidence, that it is contrary to law, and error of law occurred at the trial, which was excepted to by the defendant. This motion for new trial was overruled on the 4th of March, 1929, and at that time notice was given of intention to appeal.

The specifications of error are three in number, the first being based on admitting incompetent, irrelevant, immaterial, and improper evidence, and prejudicial to plaintiff in error, as more fully appears on pages 25 to 75, both inclusive, of the case-made. Evidently the plaintiff in error does not lay very much stress on this, judging from the brief. The second specification is on the basis of excluding evidence, and the same condition exists with reference to this. The third specification is that the court erred in overruling motion for new trial. In the argument it is stated that the assignment about admitting the testimony complained of is that the court erred in overruling defendant's objections to the introduction of any evidence for the plaintiff. Some cases are cited to the effect that that is equivalent to a demurrer.

An inspection of the petition in the case shows that it stated a cause of action and asked for relief, and shows that the defendant below, the present plaintiff in error, had gotten hold of an automobile belonging to the plaintiff that had a value of $275, and that it had no right to get it, under the circumstances, and should have returned it on demand, but did not do it. We think

there is nothing serious enough in this objection to warrant a reversal. The second point, urged at page 12 of the brief of plaintiff in error, is that the motion for new trial should have been sustained because the decision was not sustained by sufficient evidence and was contrary to law, and the same objection to the introduction of evidence urged in the first specification is urged. Another point is that the court was in error in overruling the defendant's demurrer to the evidence.

A review of the evidence is had by the plaintiff in error, and from the evidence reviewed it appears that the plaintiff in error got the Essex automobile under an agreement to exchange a Nash automobile. The Nash automobile was mortgaged and the mortgagee took it away from the purchaser, and our review of the evidence given on the trial convinces us that there was sufficient evidence to support the judgment, and the court found generally in favor of the plaintiff below, the present defendant in error, and caused judgment to be entered against the plaintiff in error for the value of the automobile.

The court found the issues against plaintiff in error, and there was sufficient evidence to sustain the finding in favor of the plaintiff below, present defendant in error. According to our view, it could not have found otherwise if it followed the usual rules. It is true that the pleadings are rather general, but the case was tried by the court. Each side introduced all the evidence desired, and the attorneys argued the case at length according to the record, and the court announced its finding as follows:

"Judgment in favor of plaintiff and against the defendant for $275."

According to this record, the plaintiff in error appears to have had a fair trial, without prejudice, and it appears to be liable, and we see no reason for reversing the case. It is accordingly affirmed.

CLARK, V. C. J., and RILEY, SWINDALL, ANDREWS, and McNEILL, JJ., concur. LESTER, C. J., and HEFNER and CULLISON, JJ., absent.